IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS R. MURILLO,<br><br>                    Petitioner,<br><br>          vs.<br><br>MATTHEW CATE, Secretary, California<br>Department of Corrections and<br>Rehabilitation,<br><br>                    Respondent. | No. 2:10-cv-00868-JKS<br><br>DISMISSAL ORDER |

Elias R. Murillo, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Murillo is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the La Palma Correctional Center, Elroy, Arizona. Respondent has answered, and Murillo has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

In July 2007 Murillo entered a guilty plea in two cases in the Sutter County Superior Court.  In the first case, Murillo pled to Burglary in the Second Degree, Cal. Penal Code § 459, Attempted Murder, Cal. Penal Code § 664/187, and admitted that he inflicted great bodily injury on the victim, Cal. Penal Code § 12022.7.  Murillo was sentenced to a stipulated, aggregate term of ten years, plus a $2,000 restitution fine, Cal. Penal Code § 1202.4, and a $2,000 parole revocation fine, Cal. Penal Code § 1202.45.  At a subsequent hearing, Murillo was ordered to make direct restitution to the victim in the amount of $2,810.20.  In the second case, Murillo pled no contest to Wilful Infliction of Corporal Injury (Spousal Abuse), Cal. Penal Code § 273.5(a).

The trial court sentenced Murillo to a three year prison term to be served concurrently with the ten-year term imposed in the first case.  The trial court also imposed a $600 restitution fine, Cal. Penal Code § 1202.4, and a $600 parole revocation fine, Cal. Penal Code § 1202.45.  At a subsequent hearing, the trial court ordered direct restitution to the victim in the amount of $2,924.97.  The California Court of Appeal, Third Appellate District, affirmed the judgment in an unpublished decision on February 20, 2008.[1]  The record does not reflect, nor does Murillo contend, that he sought further review in the California Supreme Court.

On May 21, 2008, Murillo filed a motion in the Sutter County Superior Court to reduce the restitution and fines to the minimum amount provided by law.  The Sutter County Superior Court denied Murillo's motion, and the Court of Appeal, Third District, affirmed in an unpublished decision on March 16, 2009.[2]  On November 16, 2008, while his appeal from the denial of his motion to reduce the restitution was still pending, Murillo filed a petition for habeas relief in the Sutter County Superior Court, which was denied in a form order.  Murillo's subsequent petition for habeas relief in the Court of Appeal, Third District, was summarily denied without opinion or citation to authority.  The California Supreme Court summarily denied Murillo's petition for habeas relief to that court without opinion or citation to authority on November 10, 2009.  Murillo timely filed his Petition for relief in this Court on January 11, 2010.

Because the facts underlying Murillo's plea are unnecessary to a determination of the issues raised in the Petition, they are not repeated here.

---

[1] *People v. Murillo*, 2008 WL 444671 (Cal. Ct. App. Feb. 20, 2008) ("*Murillo I*").

[2] *People v. Murillo*, 2009 WL 668088 (Cal. Ct. App. Mar. 16, 2009) ("*Murillo II*").

2

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Murillo raises three grounds:  (1) imposition of the restitution fine violated state law; (2) in the absence of evidence of Murillo's future earnings and financial obligations, and the victim's losses, the restitution order violated due process; and (3) ineffective assistance of counsel for failing to object to the restitution order.  Respondent does not assert any affirmative defense.[3]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[3] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412 (alteration added).

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

'unreasonabl[y] appli[ed] clearly established Federal law.'"[7]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[8]  The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state court determination was incorrect.[9]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[10]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[11]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[12]

---

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

4

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[13]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[14] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[15] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[16]

---

[13] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[14] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . .").

[15] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[16] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[17] This is considered as the functional equivalent of the appeal process.[18]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[19]  This presumption applies to state trial courts and appellate courts alike.[20]

To the extent that Murillo raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.[21]  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[22]  "[A] state court's interpretation of state law, including one announced on direct appeal of

---

[17] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[18] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

[19] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1)).

[20] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

[21] *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").

[22] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S.

the challenged conviction, binds a federal court sitting in habeas corpus."[23]  A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law.[24]  A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[25]  This is especially true where the highest court in the state has denied review of the lower court's decision.[26]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[27]  "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[28]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as

---

639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002); *see also Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume "that a state court failed to apply its own law"); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief).

[23] *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law"); *West v. Am.. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ." (citation omitted)).

[24] *See Bradshaw*, 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[25] *See Hicks v. Feiock*, 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[26] *Id.*; *see West*, 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[27] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[28] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (internal quotation marks and citations omitted).

to make the resulting conviction a denial of due process.'"[29]  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[30]

## IV.  DISCUSSION

Ground 1:  Violation of State Law

In his first ground, Murillo argues that the imposition of the restitution orders violated the California Constitution, Art. 1, § 7(a), the California Government Code § 1367(a), and California Penal Code § 1202.4(d).  This argument is beyond the purview of this Court in a federal habeas proceeding.[31]  Murillo is not entitled to relief under his first ground.

Ground 2:  Violation of Due Process

In his second ground, citing the Fourteenth Amendment, California Constitution, Art. 1, § 7(a), and California Penal Code § 1202.4(d), Murillo argues that the imposition of the restitution without adequate evidentiary support for both his ability to make restitution and the actual loss suffered by the victim denied him due process of law.  Respondent contends that this

---

[29] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[30] *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

[31] *Cooke*, 131 S. Ct. at 863 ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").

claim is not cognizable under § 2254.[32]  This Court agrees that controlling Ninth Circuit authority

forecloses Murillo's claim.

The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States,*" (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.  *See Dickerson v. United States,* 530 U.S. 428, 439 n. 3, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ( "Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a))).

The United States Supreme Court has declared that where a statute does not define its terms, and here that might be said about the statutory phrase "in custody in violation of the Constitution or laws or treaties of the United States," we are to give such a phrase its ordinary or natural meaning.  *See Johnson v. United States,* --- U.S. ----, 130 S.Ct. 1265, 1269-70, 176 L.Ed.2d 1 (2010); *Bailey v. United States,* 516 U.S. 137, 144-45, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).  Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [Murillo] must show that his custody in itself, or its conditions, offends federal law.  It is not enough for [Murillo] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement.  What [Murillo] is required to pay in restitution is not by ordinary meaning a part of his custody.

. . . .

[Murillo's] challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody.  While [Murillo's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [Murillo] seeks, the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty.  If successful, [Murillo] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Murillo's] argument is only that he has been ordered to *pay restitution* "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not

---

[32] Murillo's argument, to the extent it is based upon the California Constitution and California law, is not cognizable for the same reason as his first ground.

that his custody is unlawful.  That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.[33]

Murillo's second ground fails for the same reason.  Because this Court lacks subject matter jurisdiction over Murillo's second ground, it must be dismissed.  This dismissal notwithstanding, because it forms the basis underlying Murillo's third ground, ineffective assistance of counsel, this Court must address that issue on the merits.

In affirming the denial of Murillo's motion to reduce the restitution amount, the Court of Appeal held:

> [Murillo] filed a supplemental brief arguing that the trial court failed to consider defendant's ability to pay in awarding victim restitution in the amount of $5,700 and in imposing restitution fines totaling $2,600 and corresponding parole revocation restitution fines. [Murillo] further argues only hearsay evidence supported the victim restitution award other than the amount of $504.06 for lost wages and that the victim did not request restitution.  He claims the trial court abused its discretion and that his due process rights were violated.  [Murillo] requests that this court overturn and vacate the victim restitution award and reduce the fines to the statutory minimum of $200.  [Murillo] also requests that this court replace defense appellate counsel who failed to "address all the issues that had to be brought up."
>
> . . . .
>
> On May 28, 2008, [Murillo] filed a motion to reduce the amount of the victim restitution and the restitution fines. [Murillo] explained that he would have brought the motion sooner "had [he] understood the law."  He noted that when he was sentenced in case Nos. CRF070735 and CRF070067 on July 30, 2007, to state prison for an aggregate term of 10 years, the trial court imposed the restitution fines.  He claimed that restitution to the victim was awarded after a hearing was held on March 7, 2008.  He claimed that he did not have the ability to pay the fines or victim restitution at sentencing and that his financial situation had not changed.  He argued that the ability to pay finding could not be implied from the record nor could it be implied that the trial court was aware that it had a duty to so find.  [Murillo] argued the trial court's omission violated his Fifth and Fourteenth Amendments right to due process.
>
> The minute order reflects the following:

---

[33] *Bailey v. Hill*, 599 F.3d 976, 980-81 (9th Cir. 2010) (alterations added).  Except for the name of the petitioner, this has been reproduced exactly as it appears in the original.

"The Court caused the following Minute Order to be entered into the record: [¶] The Court has received, read, and considered the [Murillo's] Motion to Reduce Restitution and Fines to Minimum Amount Provided by Law.  Said motion is denied. [¶] The Court hereby directs the Clerk to serve a copy of this Minute Order to each party ."   There were no appearances by counsel or [Murillo] at the hearing on [Murillo's] motion nor was a court reporter present.

[Murillo] had the opportunity to challenge the restitution fines and parole fines on an appeal from the judgment which he states was entered on July 30, 2007. He cannot challenge these same fines from the denial of a motion to reduce or modify the fines.  Although an order made after judgment affecting a defendant's substantial rights is appealable (Pen.Code, § 1237, subd. (b)), the order insofar as it denied [Murillo's] motion to reduce the restitution and parole fines appears to be nonappealable because the appeal would bypass or duplicate an appeal taken from the judgment. (See *People v. Thomas* (1959) 52 Cal.2d 521, 527, 342 F.2d 889; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980-81, 92 Cal.Rptr.2d 161.) In any event, the record on appeal is limited and does not support [Murillo's] contention that he has no ability to pay.

With respect to the victim restitution, based on the date given by defendant, he apparently failed to timely appeal from the March 7, 2008 order awarding victim restitution. Instead, he filed a motion to reduce the award on May 28, 2008.  The trial court had recently heard the issue and [Murillo] presented no basis to modify the award. (Pen.Code, § 1202.4, subd. (f).)  In any event, defendant's inability to pay has no impact on the amount of victim restitution .  (Pen.Code, § 1202.4, subd. (g).)

We decline [Murillo'] request for appointment of new defense appellate counsel.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to [Murillo].[34]

As with his first ground, although Murillo attempts to couch his argument in

constitutional terms as a denial of due process, that attempt fails.  The federal authorities that

Murillo cites for the proposition that the amount of restitution ordered must be proven by a

preponderance of the evidence as to ability and the amount of the loss, including the Supreme

---

[34] *People v. Murillo*, 2009 WL 668088, at *1-2 (Cal. Ct. App. Mar. 16, 2009) (alterations added) ("*Murillo II*").  Except for the name of the petitioner, this has been reproduced exactly as it appears in the original.

Court decision in *Hughey*,[35] were decided on the basis of federal statutory interpretation, not constitutional grounds.  Accordingly, they are inapposite in a federal habeas proceeding.

In his Traverse, Murillo argues that requiring restitution not based upon his resources constitutes cruel and unusual punishment in violation of the Eighth Amendment.  The Supreme Court has never held that the imposition of restitution on a defendant who is indigent at the time of sentencing violates the Eighth Amendment.  Indeed, the Ninth Circuit rejected an argument that the Federal Mandatory Victims Restitution Act ("MVRA"), requiring imposition of full restitution without regard to the defendant's economic situation,[36] violates the Eighth Amendment.[37]

To the extent that Murillo may be arguing that incarceration due to indigence violates due process, that argument fails on the facts.  At present, Murillo is not being held in custody for failing to make a restitution payment.  Should Murillo be incarcerated at some point in the future for a failure to make the restitution payment at a time when he is indigent, it may constitute a due process violation.[38]  That point has not yet been reached.  Because, this court lacks subject matter jurisdiction, and he has failed to present a question of constitutional dimension, Murillo is not entitled to relief under his second ground.

---

[35] *Hughey v. United States*, 495 U.S. 411 (1990).

[36] 18 U.S.C. § 3664(f)(1).

[37] *United States v. Dubose*, 146 F.3d 1141, 1144-47 (1998).

[38] *See, e.g., Bearden v. Georgia*, 461 U.S. 660, 665-66 (1983) (holding that due process precluded incarcerating an indigent defendant lacking the ability to pay for the failure to make a restitution payment); *see also Dubose*, 146 F.3d at 1147 (rejecting due process/equal protection arguments because the MVRA precludes increased incarceration based solely on an indigent's inability to pay).

Ground 3:  Ineffective Assistance of Counsel

In his third ground Murillo argues that, because trial counsel did not object to the restitution orders, counsel was ineffective.  Respondent, relying solely upon its argument that Murillo's claims are not cognizable in a federal habeas proceeding under § 2254, does not address this claim.  It appears from the record that Murillo did not raise this claim until his habeas petition in the California Supreme Court.  Because the California Supreme Court denied the petition summarily, there is no reasoned decision for this Court to review.

A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits."[39]  When there is no reasoned state-court decision denying an issue presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[40]  "The presumption may be overcome when there is reason to think that some other explanation for the state court's decision is more likely."[41]  Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state court decision was "objectively unreasonable."[42]  In conducting an independent review of the record, this Court presumes that the relevant state-court decision rested on federal grounds,[43] giving that presumed decision the same

---

[39] *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

[40] *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[41] *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[42] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).

[43] *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991) ("The presumption at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision."); *see also*

deference as a reasoned decision.[44]   The scope of this review is for clear error of the state court

ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state
> court's decision, we can view it through the "objectively reasonable" lens ground
> by *Williams* . . . .   Federal habeas review is not *de novo* when the state court does
> not supply reasoning for its decision, but an independent review of the record is
> required to determine whether the state court clearly erred in its application of
> controlling federal law.  Only by that examination may we determine whether the
> state court's decision was objectively reasonable.[45]

"[A]lthough we independently review the record, we still defer to the state court's ultimate

decision."[46]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Murillo must show

both that his counsel's performance was deficient and that the deficient performance prejudiced

his defense.[47]   A deficient performance is one in which "counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[48]   Murillo

must show that defense counsel's representation was not within the range of competence

---

*Harris*, 489 U.S. at 263.

[44] *Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[45] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (citation omitted). *But cf. Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) ("Our standard of review is not controlled by *Delgado v. Lewis* . . . .   There, we held that where a state court provides no rationale for a decision, a habeas court does not apply de novo review, but instead determines whether the state decision was objectively unreasonable based on its independent reading of the record.  Here, however, the state court was not silent as to its reasoning . . . .   Therefore, we review de novo whether Lewis waived his right to conflict free counsel . . . .").

[46] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[47] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[48] *Id*.

14

demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[49]  An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[50]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[51]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[52]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the

---

[49] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985) (citing *Strickland,* 466 U.S. at 694).

[50] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmel v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect" (citing Strickland, 466 U.S. at 687)); *United States v. Cronic*, 466 U.S. 648, 656 (1984) ("The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.  Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." (citations omitted)).

[51] *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).

[52] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,][which] is different from an *incorrect* application of federal law."[53]

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[54]

The Court of Appeal found that Murillo's state law arguments lacked merit. For the reasons discussed above in connection with Murillo's second ground, Murillo's constitutional argument likewise lacks merit. Accordingly, the failure of trial counsel to raise meritless claims did not result in any prejudice to Murillo. This Court cannot say that the assumed decision of the California Supreme Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[55] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance-Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of Murillo's case within the scope of *Andrade-Williams-Schriro*; i.e., the state court decision was not more than incorrect or erroneous, its application of clearly established law was not objectively unreasonable. Murillo is not entitled to relief under his third ground.

---

[53] *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[54] *Id.* at 786.

[55] 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 402-06; *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

## V.  CONCLUSION AND ORDER

Murillo is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[56]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[57]

The Clerk of the Court is to enter judgment accordingly.

Dated: December 12, 2011.

_____/s/ James K. Singleton, Jr._____
JAMES K. SINGLETON, JR.
United States District Judge

---

[56] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's  resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[57] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

17