IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS R. MURILLO,<br><br>     Petitioner,<br><br>  vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>     Respondent. | No. 2:10-cv-00868-JKS<br><br>ORDER |

  At Docket No. 26 Elias R. Murillo, a state prisoner appearing *pro se*, filed a Petition for a Writ of Mandamus. Murillo is currently in the custody of the California department of Corrections and Rehabilitation, incarcerated at the La Palma Correctional Center, Eloy, Arizona. The Petition has not been served on the Respondent. Because the Petition is plainly without merit and may be summarily denied, this Court has determined that service and a response is unnecessary.

I. BACKGROUND/PRIOR PROCEEDINGS

  In July 2007 Murillo entered a guilty plea in two cases in the Sutter County Superior Court. In the first case, Murillo pled guilty to Burglary in the Second Degree, Cal. Penal Code § 459, Attempted Murder, Cal. Penal Code § 664/187, and admitted that he inflicted great bodily injury on the victim, Cal. Penal Code § 12022.7. Murillo was sentenced to a stipulated, aggregate term of ten years, plus a $2,000 restitution fine, Cal. Penal Code § 1202.4, and a $2,000 parole revocation fine, Cal. Penal Code § 1202.45. At a subsequent hearing, Murillo was

ordered to make direct restitution to the victim in the amount of $2,810.20.  In the second case, Murillo pled no contest to Wilful Infliction of Corporal Injury (Spousal Abuse) under California Penal Code § 273.5(a).  The trial court sentenced Murillo to a three year prison term to be served concurrently with the ten-year term imposed in the first case.  The trial court also imposed a $600 restitution fine, Cal. Penal Code § 1202.4, and a $600 parole revocation fine, Cal. Penal Code § 1202.45.  At a subsequent hearing, the trial court ordered direct restitution to the victim in the amount of $2,924.97.  After unsuccessfully appealing to the California Appellate Courts, Murillo petitioned this Court for a Writ of Habeas Corpus.  On December 12, 2011, in a reasoned decision this Court dismissed the Petition and declined to issue a Certificate of Appealability ("COA").[1]

## II.  ISSUE RAISED

In his current Petition as well as his earlier habeas petition, Murillo states he is not attacking his conviction, his sentence or his guilty plea.  Instead, Murillo is challenging the validity of the restitution orders.

## III.  DISCUSSION

It appears from the Petition that Murillo believes that because this Court declined to issue a COA, mandamus is the appropriate remedy.  In this belief Murillo errs.  The authorities relied upon by Murillo are inapposite.  Mandamus is a remedy whereby a higher court directs a lower court to do some act and is "a drastic and extraordinary remedy reserved for really extraordinary

---

[1] Docket No. 24.

causes."[2]  A writ of mandamus will not be issued in the absence of a "clear nondiscretionary duty."[3]  None of the prerequisites for mandamus relief exist in this case.  As was explained in the Court's prior order, the appropriate procedure for Murillo to follow is to address a request for a COA to the Court of Appeals.[4]

To the extent that Murillo's Petition may be construed as an application to extend the time within which to file a notice of appeal, because the motion was filed more than sixty days after judgment was entered, this Court lacks authority to grant that relief.[5]

V.  ORDER

**IT IS THEREFORE ORDERED THAT** the Petition for a Writ of Mandamus at Docket No. 26 is **DENIED**.

Dated:  March 13, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[2] *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted).

[3] *Your Home Visiting Nurse Svcs.,Inc. v. Shalala*, 525 U.S. 449, 457 (1999) (citation omitted).

[4] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

[5] Fed. R. App. P. 4(a)(5).